Case 1:20-cv-06153-CBA-SJB   Document 19   Filed 08/25/22   Page 1 of 3 PageID #: 161

Clerk's Office
Filed Date: 8/25/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICHOLAS COTTON,

        Plaintiff,

-against-

NY MINUTE MOVERS, INC. and MICHAEL
DIASPARRA,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-cv-6153 (CBA) (SJB)

**AMON, United States District Judge:**

On December 18, 2020, Plaintiff Nicholas Cotton ("Cotton") filed suit against NY Minute Movers, Inc. ("NY Minute Movers") and Michael Diasparra ("Diasparra," and collectively with NY Minute Movers, "Defendants"). Cotton alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for Defendants' failure to pay overtime compensation under FLSA and NYLL, and failure to provide wage notices and wage statements under NYLL. (ECF Docket Entry ("D.E.") # 1.) This order arises out of Cotton's September 15, 2021 motion for a default judgment against Defendants. (D.E. # 15.)

On April 2, 2021, the Clerk of Court entered a default against NY Minute Movers, (D.E. # 8), and on August 30, 2021, the Clerk of Court entered a default against Diasparra, (D.E. # 12).[1] On September 15, 2021, Cotton renewed his motion for default judgment against Defendants. I referred that motion to the Honorable Sanket J. Bulsara, United States Magistrate Judge, for report and recommendation ("R&R"). On July 28, 2022, Magistrate Judge Bulsara issued an R&R recommending that the motion for default judgment be granted. (D.E. # 17 (the "R&R").) Specifically, Magistrate Judge Bulsara recommended that Defendants be found liable for

---

[1] Cotton initially filed a motion for default judgment on August 18, 2021, (D.E. # 9), but withdrew the motion after this Court ordered Cotton to show cause why it should not be denied for failure to append a certificate of default pursuant to Local Civil Rule 55.2, and noted that Cotton had not yet obtained a certificate of default against Diasparra, (Text Entry dated Aug. 26, 2021).

1

violations of the overtime provisions of FLSA and NYLL and the notice, record-keeping requirements, and wage statement provisions of the Wage Theft Prevention Act ("WTPA"). (R&R 5-6.) Magistrate Judge Bulsara also conducted an independent inquiry to determine the sum of damages, and further recommended that Cotton be awarded $4,050 in recovery for unpaid overtime wages,[2] the same amount in liquidated damages, the maximum in statutory damages for the WTPA claims, and pre- and post-judgment interest. (R&R 14-18.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Plaintiff's motion for default judgment, and award Cotton the following relief:

- $4,050 in unpaid overtime wages;
- $4,050 in liquidated damages;
- $10,000 in WTPA damages;

---

[2] Although Cotton's counsel's motion papers and the "Introduction" of the Complaint suggest that Cotton brings a claim for unpaid minimum wages under FLSA and NYLL—in addition to his unpaid overtime wage claim—Magistrate Judge Bulsara notes that the specific allegations and causes of action in the Complaint seek only unpaid wages "at the overtime wage rate." (R&R 10 n.3.) Accordingly, the R&R recommends finding that Cotton is not entitled to recovery on unpaid minimum wages. (Id.) I find no clear error in that determination.

- Pre-judgment interest in an amount to be calculated by the Clerk of Court of $1.00 per day from September 8, 2020 until the entry of final judgment; and

- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a).

SO ORDERED.

Dated: August 23, 2022
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
United States District Judge