UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NICHOLAS COTTON,

                        Plaintiff,

                                                         **ORDER**
        -against-                                  20-CV-6153-CBA-SJB

NY MINUTE MOVERS, INC.,
MICHAEL DIASPARRA,

                        Defendants.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        On July 28, 2022, this Court issued a Report and Recommendation recommending that plaintiff Nicholas Cotton's motion for default judgment be granted, and a judgment of liability be entered against NY Minute Movers, Inc. and Michael Diasparra for violations of the New York Labor Law and Fair Labor Standards Act. *Cotton v. NY Minute Movers, Inc.*, No. 20-CV-6153, 2022 WL 3684715, at \*9 (E.D.N.Y. July 28, 2022). The recommendation was for an award of $18,100 plus pre-judgment and post-judgment interest. *Id.* The Honorable Carol Bagley Amon adopted the Report and Recommendation, 2022 WL 3682833, at \* 1 (Aug. 25, 2022), and the Clerk of Court thereafter entered judgment in favor of Cotton. (Clerk's J. dated Aug. 26, 2022, Dkt. No. 20). On August 29, 2022, Cotton's counsel filed the present motion to recover attorney's fees and costs for work performed by Lawrence Spasojevich, Esq. ("Spasojevich") of Aidala, Bertuna & Kamins, P.C. ("ABK"). (Mot. for Att'y Fees dated Aug. 29, 2022 ("Mot. for Att'y Fees"), Dkt. No. 21). As explained herein, the motion is granted.

DISCUSSION[1]

It is well-settled that FLSA and NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]"). By virtue of the entry of default judgment, Cotton is a prevailing Plaintiff.

I.   Attorney's Fees

The "starting point" for determining the amount of attorney's fees to be paid by Defendants is calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id.* The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g., LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 U.S. Dist. LEXIS 125161, at *9 (E.D.N.Y. Feb. 26, 2008), *report*

---

[1] Cotton's allegations and the procedural history may be found in the Court's Report and Recommendation. *Cotton*, 2022 WL 3684715, at *1–*2.

*and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at \*3 (Mar. 17, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary. *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at \*4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)) (adopting report and recommendation). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584, 2015 WL 5316257, at \*5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, at \*1 (Sept. 11, 2015).

 A. <u>Hourly Rate</u>

 Turning first to the reasonable hourly rate, the Court first examines the experience and qualifications of counsel seeking the fee award. In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations omitted). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848, 2022 WL 4646866, at \*13 (E.D.N.Y. Aug. 29, 2022) (quotations omitted), *report and recommendation adopted*, 2022 WL 4662247, at \*1 (Sept. 30, 2022). "The burden is on the party moving for attorney's fees to justify the hourly rates sought." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at \*5 (E.D.N.Y. Feb. 4, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), *report*

*and recommendation adopted*, 2014 WL 1237127, at *1 (Mar. 25, 2014). That is, "the fee applicant [has the burden] to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005) ("The relevant community . . . is the district in which the court sits.").

Spasojevich requests an hourly rate of $400. (Decl. of Lawrence Spasojevich dated Aug. 29, 2022 ("Spasojevich Decl."), Dkt. No. 21 ¶ 12). He routinely bills at a rate of $500 per hour. (*Id.* ¶ 11). Spasojevich graduated from University of San Diego School of Law in 2009. (*Id.* ¶ 7). He joined ABK as of counsel in 2019 and has 12 years of litigation experience, including in wage and hour matters in both state and federal court. (*Id.* ¶¶ 8–9).

Because Spasojevich has over a decade of legal experience, the Court finds that it is appropriate to award him an hourly rate within the range of that awarded to partners in this district. Indeed, Spasojevich cites cases in this district in which courts have approved settlements where his lodestar rate is $400 per hour, (*id.* ¶ 10), including *Nelson Meija Cedilos v. VEM Grp. Corp.*, No. 20-cv-3249 (E.D.N.Y. May 4, 2021). As such, the Court awards Spasojevich the requested hourly rate of $400. *See, e.g.*, *Godwin v. Buka New York Corp.*, No. 20-CV-969, 2021 WL 612336, at *13 (E.D.N.Y. Feb. 17, 2021) (finding $400 per hour a reasonable hourly rate for experienced attorneys in connection with a FLSA default in the Eastern District), *report and recommendation adopted*, 2021 WL 1026553, at * 1 (Mar. 17, 2021).

B. <u>Hours Expended</u>

Turning to the reasonableness of time expended, courts look to the "contemporaneous time records" of the attorney. The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010). "Descriptions of work recollected in tranquility days or weeks later will not do." *Id.* "The contemporaneous time records requirement is strictly enforced[.]" *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

Spasojevich submitted contemporaneous billing records showing the legal services rendered by ABK for work performed, including the dates that the services were provided, the amount of time during which services were provided, and a brief description of each service. (*See* Contemporaneous Time Rs. dated Aug. 29, 2022, attached as Ex. 3 to Mot. for Att'y Fees). According to the billing records submitted, Spasojevich spent a total of 4.3 hours on this matter without assistance from others at ABK. This is within the range of, or slightly below, other FLSA and NYLL default judgment cases in this district. *See, e.g.*, *Godwin*, 2021 WL 612336, at *13 (finding 21.4 hours for legal work bringing a FLSA default judgment action reasonable); *Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028, 2018 WL 1770660, at *13 (E.D.N.Y. Feb. 6, 2018) (approving total of 12.75 hours in default judgment FLSA case), *report and*

5

*recommendation adopted*, 2018 WL 1770555, at \*2 (Apr. 12, 2018); *Bd. of Trs. of The United Union of Roofers, Waterproofers & Allied Workers Loc. Union No. 8 W.B.P. & A. Funds v. Akro Gen. Contracting, Inc.*, No. 15-CV-04901, 2016 WL 6775467, at \*9 (E.D.N.Y. Aug. 15, 2016) (approving 7.1 hours of work by attorney and 2.5 hours by her paralegal for "an unopposed motion for default judgment and associated documents in a case involving no complex issues of law"), *report and recommendation adopted*, 2016 WL 6779487, at \*1 (E.D.N.Y. Nov. 15, 2016).  Having reviewed the hours and time records submitted, the Court finds the hours expended by Spasojevich to be reasonable.

The Court thus awards $1,720 in attorney's fees for 4.3 hours of work at a rate of $400 per hour.

II.     Costs

Spasojevich seeks reimbursement for costs consisting of $400 in court filing fees and $433.40 in service of process fees.  (Spasojevich Decl. ¶¶ 50–52).  Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying." *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008).  Only those costs that are tied to "'identifiable, out-of-pocket disbursements'" are recoverable.  *Moon v. Gab Kwon*, 99-CV-11810, 2002 WL 31512816, at \*8 (S.D.N.Y. 2002) (quoting *Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir. 1987)).

Filing fees are recoverable without supporting documentation if verified by the docket.  *E.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at \*2 (E.D.N.Y. Mar. 7, 2013) (adopting report and recommendation in part); *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at \*11 (S.D.N.Y. Mar. 29, 2017) (stating that the filing fee is "a fact of which the Court can take judicial notice"), *report*

6

*and recommendation adopted*, 2017 WL 1906902, at *2 (May 9, 2017). The docket indicates the $402 filing fee was paid. Therefore, although Spasojevich did not submit a receipt, the requested amount of $400 for the filing fee is awarded.

Process server fees are also recoverable, but they must be supported by documentation. *See Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017) (recommending that the plaintiffs not be awarded process server fees absent supporting documentation and noting that "failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 174714, at *1 (Oct. 18, 2017); *Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at *20 (E.D.N.Y. Aug. 26, 2016) (recommending the costs for serving defendant "be denied due to lack of adequate documentation"), *report and recommendation adopted*, 2016 WL 5107058, at *1 (Sept. 19, 2016). Spasojevich attaches two service invoices that include a breakdown of the costs associated with serving both Defendants. (Intercounty Judicial Services Invoices, attached as Ex. 4 to Mot. for Att'y Fees). These invoices sufficiently support the $433.40 sought for reimbursement of service fees. Thus, the Court finds Spasojevich's request for the process service fees to be reasonable and appropriate.

In sum, the Court awards the Spasojevich $833.40 in costs.

## CONCLUSION

For the reasons stated above, the motion for attorney's fees is granted. The Court awards Spasojevich $1,720 in attorney's fees and $833.40 in costs.

SO ORDERED.

/s/ *Sanket J. Bulsara* March 14, 2023
SANKET J. BULSARA
Brooklyn, New York　　　　　　　　　　United States Magistrate Judge